IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
APR 21 2006
Michael N. Milby, Clerk

| | |
|---|---|
| JAMES MARRON, on Behalf of Himself And Others Similarly Situated, § § § § *Plaintiff*, § v. § § § STEWART & STEVENSON SERVICES, § INC., MAX LUKENS, MONROE M. § LUTHER, CHARLES R. OFNER, § CHARLES S. REAM, ROBERT S. § SULLIVAN, and JAMES M. TIDWELL, § § *Defendants*, § | H-06-1394 C.A. NO. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 15 U.S.C. §§ 78aa and 78bb(f)(2) and 28 U.S.C. §§ 1331, 1337, 1367, 1441, and 1446 and expressly reserving all other rights to respond, including any objections to personal jurisdiction or improper service, Defendants Stewart & Stevenson Services, Inc. ("S&S"), Max Lukens, Monroe M. Luther, Charles R. Ofner, Charles S. Ream, Robert S. Sullivan, and James M. Tidwell hereby give notice that they are removing No. 2006-22614, *James Marron, et al. v. Stewart & Stevenson Services, Inc., et al.*, In the 127th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.[1]

### INTRODUCTION

Plaintiff James Marron – the alleged holder of just *100* of the more than *29.4 million* shares of S&S common stock issued and outstanding – has filed a putative class action in Texas state court attempting to block a democratic vote by S&S' shareholders scheduled for May 9,

---

[1] The above defendants shall be referred to collectively as "the Defendants." The individual defendants are members of S&S' Board of Directors and shall be referred to collectively as "the Board Members." James Marron shall be referred to as "the Plaintiff."

1

2006, regarding Armor Holdings, Inc. and Santana Acquisition Corp.'s proposed acquisition of S&S for $35.00 cash per share. If approved, the proposed $1.1 billion acquisition would enable S&S' shareholders – including the Plaintiff – to receive a substantial premium over the $27.10 per share closing price on February 24, 2006 (the last trading day before the proposed acquisition was announced on February 27). As the Defendants will show in this case, the Plaintiff's suit – in which his principal complaint is that S&S declined a competing offer – lacks merit and is nothing more than a shareholder "strike" suit, a suit in which a plaintiff uses the threat of an injunction to hold hostage a shareholder vote in the hope of extracting a settlement.[2]

As a threshold matter, however, the Plaintiff has improperly filed this suit in state court, and removal is required on at least two independent grounds. First, removal is proper based on federal question jurisdiction. A core allegation in the Plaintiff's Class Action Petition is a claim based on alleged misrepresentations and omissions in the proxy statement filed by the Defendants in connection with the proposed merger. Such an allegation, in essence, is a claim under Section 14 of the Securities Exchange Act of 1934 ("the Act") and belongs in this Court based on the federal courts' exclusive jurisdiction to adjudicate claims arising under the Act. Indeed, the Plaintiff: (1) alleges that the Defendants disseminated "a Form DEFM14A," the definitive proxy statement ("the Proxy Statement"), which relates to the solicitation of proxies in

---

[2]   Upon removal of this case, the Defendants intend to file in this Court a motion to dismiss Plaintiff's claims. Thus, discovery and other proceedings should be stayed. *See* 15 U.S.C. § 78u-4(b) ("In any private action arising under this title [15 U.S.C.S. §§ 78a et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party"); *In re Cardinal Health, Inc. Sec. Litig.*, 365 F. Supp. 2d 866, 870 n.3 (S.D. Ohio 2005) ("This stay applies not only where the motion to dismiss has actually been filed, but where 'it is anticipated that such a motion will be filed in the future'"); *Sedona Corp. v. Ladenburg Thalmann & Co.*, 2005 U.S. Dist. LEXIS 23905, at *5 n.1 (S.D.N.Y. Oct. 14, 2005) ("There is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed") (collecting cases).

connection with the proposed acquisition (Class Action Petition, ¶ 22 (Exhibit "A")); and (2) spends five of the nineteen pages of the Class Action Petition complaining about the alleged deficiencies in the Proxy Statement, which was filed with the SEC. Consistent with the federal regulatory scheme for publicly-traded securities, state courts should not be in the business of deciding whether the disclosures in a proxy statement violate or comply with federal law.

Second, removal is proper under the Securities Litigation Uniform Standards Act ("SLUSA"). In addition to the allegation above, the Plaintiff claims that the Defendants employed a manipulative device or contrivance in connection with the purchase or sale of a covered security by entering into agreements with Armor that purportedly discouraged other potential suitors from submitting offers for S&S' common stock higher than the offer that the Defendants ultimately accepted from Armor. As shown below, such a claim asserted in a class action like the present action is subject to removal under 15 U.S.C. § 78bb(f)(2).

## PLAINTIFF'S ALLEGATIONS

On March 3, 2006, S&S, in a Form 8-K filed with the Securities and Exchange Commission, disclosed that it had entered into an agreement and plan of merger with Armor Holdings, Inc. and Santana Acquisition Corp. (collectively, "Armor") on February 27, 2006. Exhibit "A," ¶ 26. Under the Merger Agreement, S&S will merge into a subsidiary of Armor Holdings, Inc. with S&S remaining as the surviving entity. *Id.* at ¶ 27. As part of the merger, S&S' shareholders will receive $35.00 cash per share of common stock. *Id.* S&S has scheduled a special shareholder meeting for May 9, 2006, at which the shareholders will consider and vote on the proposed acquisition. *Id.* at ¶ 28. On April 7, 2006, S&S filed with the SEC and disseminated to its shareholders a 54-page proxy statement (excluding attachments), in which it provided comprehensive, detailed information regarding the proposed acquisition. *Id.* at ¶ 22.

On April 11, 2006, Plaintiff James Marron – suing "individually and as a class action pursuant to Tex. R. Civ. P. 42 on behalf of all common stockholders of [S&S]" – filed a "Class Action Petition" in the 127th Judicial District Court of Harris County, Texas. *Id.* at ¶ 12. The petition is styled: Cause No. 2006-22614, *James Marron, et al. v. Stewart & Stevenson Services, Inc., et al.* ("the State Action").[3] At the time of the filing of this notice of removal, there is no evidence in the state court case file that the Plaintiff has served process on any of the Defendants.

The Plaintiff's sole allegation is that the Defendants allegedly breached certain purported fiduciary duties in connection with the proposed acquisition. *Id.* at ¶¶ 29-64. A core component of the Plaintiff's breach of fiduciary duty claim is unmistakably based on Section 14 of the Securities Exchange Act of 1934 – specifically, a claim that the Proxy Statement that S&S filed with the SEC and submitted to shareholders regarding the proposed merger allegedly contained various misrepresentations and omissions so as to render it false and misleading. *Id.* at ¶¶ 49-57; *see also id.* at ¶ 22 (noting Defendants' dissemination of "Form DEFM14A (the 'Proxy Statement')." The Plaintiff devotes five pages of the Class Action Petition to his complaints regarding the disclosures in the Proxy Statement. *Id.* For example, the Plaintiff alleges that:

- "The statements made by Bohn directly contradict the statements made by the Company in the Proxy Statement and, if true, render the statements made by the Company in the Proxy Statement materially false and misleading . . ." *Id.* at ¶ 51.

- "The comments by Schiller indicate that the Company's statement regarding arrangements or agreements between Armor and employees of the Company may not be entirely forthcoming and, if true, render the statements made by the Company in the Proxy Statement materially false and misleading . . ." *Id.* at ¶ 53.

---

[3] Curiously, the Plaintiff's Class Action Petition fails to identify Marron's residence as Texas Rule of Civil Procedure 79 expressly requires. *Id.* at ¶ 2; TEX. R. CIV. P. 79 ("The petition shall state the names of the parties and their residences, if known . . ."). Nor does S&S have any record of Mr. Marron being a shareholder. Declaration of Rita Schaulat, ¶ 4 (Exhibit "B").

- "With respect to the 'Background of the Merger' section of the Proxy Statement, the following examples of material omissions render the Proxy Statement materially misleading . . . ." *Id.* at ¶ 55.

- "With respect to the 'Opinion of our Board's Financial Advisor' section of the Proxy Statement, the following examples of material omissions render the Proxy Statement materially misleading . . . ." *Id.* at ¶ 56.

The Plaintiff also has alleged that the Defendants purportedly manipulated the process or procedure for obtaining the highest possible bid for S&S by entering into agreements with Armor that were "designed to preclude alternative superior proposals" to purchase S&S, with the Plaintiff citing Oshkosh Truck Corporation ("Oshkosh")'s offer to pay $0.50 more per share of S&S common stock as an example of an allegedly "superior" proposal that S&S rejected. *Id.* at ¶¶ 1, 38. According to the Plaintiff, the Defendants allegedly favored Armor in the bidding process and manipulated the process to discourage other potentially "superior" bids in two ways:

- First, by executing a so-called "Standstill Agreement" with Armor which allegedly "restrict[ed] the opportunity of other bidders to effectively modify their existing bids for the Company" and was "designed to favor Armor while deterring other potential acquirors from bidding for the Company." *Id.* at ¶¶ 40-43.

- Second, by executing a merger agreement with Armor establishing a $37.4 million termination fee if the Defendants terminate the merger to accept a "superior" proposal for S&S, which the Plaintiffs contend "ha[d] a chilling effect on other potential bids for the Company" by: (1) effectively requiring other potential acquirors to submit a higher bid than the $35.00 cash per share offered by Armor; and (2) effectively rendering Oshkosh's bid "inferior" to Armor's. *Id.* at ¶¶ 44-48.

With respect to the relief requested, the Plaintiff seeks not only damages but injunctive relief enjoining: (1) the Defendants from proceeding with the proposed acquisition; (2) the Defendants from consummating the proposed acquisition or a business combination with a third party, unless and until S&S adopts and implements a procedure or process to obtain the highest possible price for S&S; and (3) the termination fee in the Merger Agreement. *Id.* at p. 18.

5

## GROUNDS FOR REMOVAL

As shown below, the Plaintiff's shareholder class action is subject to removal to this Court on at least two independent grounds: (1) federal question jurisdiction (28 U.S.C. §§ 1331, 1337); and (2) SLUSA's removal provision (15 U.S.C. § 78bb(f)(2)). If this Court determines that *any* of the Plaintiff's claims are removable under either ground, then the entire lawsuit should be removed to this Court. *See, e.g.*, 28 U.S.C. §§ 1367, 1441(c); 15 U.S.C. § 78bb(f)(2).

I. **Removal Is Proper Based on Federal Question Jurisdiction Because the Plaintiff's Claims Regarding Alleged Misrepresentations and Omissions in the Proxy Statement Arise Under the Securities Exchange Act of 1934**

Removal of the Plaintiff's putative class action is proper because the Plaintiff's claim regarding alleged misrepresentations and omissions in the Proxy Statement "aris[es] under the Constitution, laws, or treaties of the United States" – specifically, Section 14 of the Securities Exchange Act of 1934. Consequently, this Court has federal question jurisdiction over that claim not just pursuant to 28 U.S.C. § 1331 but pursuant to 28 U.S.C. § 1337 as well (because the claim arises under an Act of Congress regulating commerce). Even if this Court assumes that the Plaintiff has asserted a viable state law claim for breach of fiduciary duty against the Board Members (which, as shown below, he has not) – any such state-law claim is subject to removal because it involves a disputed and substantial issue of federal law and serves the compelling interest in the resolution of securities class action claims in a federal forum.

The Supreme Court recently addressed the circumstances under which a state law claim involving federal issues may be removed to federal court. In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S. Ct. 2363 (2005), the IRS seized and then sold real property belonging to the petitioner to satisfy the petitioner's federal tax delinquency. *Id.* at 2366. The petitioner subsequently brought a quiet title action, claiming that the sale of the seized property was invalid because the IRS had failed to notify the petitioner of the seizure in

6

the precise manner required by 26 U.S.C. § 6335. *Id.* The purchaser of the seized property removed the case to federal district court based on federal question jurisdiction because the petitioner's claim depended on the interpretation of the notice statute in the federal tax law. *Id.* The district court declined to remand the case, and the Sixth Circuit affirmed. *Id.*

The United States Supreme Court granted certiorari to address a split in authority as to whether the existence of a federal cause of action is a necessary condition for exercising federal question jurisdiction. *Id.* The Supreme Court upheld the removal of the petitioner's quiet title action. *Id.* As an initial matter, the Supreme Court observed that it has "recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 2367. "The doctrine captures the common-sense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

The Supreme Court then refused to adopt a bright-line rule requiring the existence of a federal cause of action in order to establish federal question jurisdiction under this doctrine. *Id.* at 2369-70. Instead, the Supreme Court adopted a more flexible standard, stating that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *Id.* at 2368.[4] As shown below, removal of the Plaintiff's class action suit is proper under the standard elucidated above.

---

[4] While not a prerequisite for federal question jurisdiction under *Grable*, the Defendants nevertheless note that the Supreme Court has recognized an implied private right of action for violation of Section 14 of the Securities Exchange Act of 1934 based on the circulation of misleading proxy statements. *See J.I. Case Co. v. Borak*, 377 U.S. 426, 430-35 (1964).

7

In this case, the Plaintiff's Class Action Petition repeatedly alleges that the Defendants' Proxy Statement to S&S' shareholders (which the petition refers to as "a Form DEFM*14A* (the 'Proxy Statement')") purportedly contains material misrepresentations and omissions regarding the proposed merger. *See* discussion supra, pp. 4-5 (citing Exhibit "A," ¶¶ 49-57). Such claim necessarily raises a disputed federal issue under Section 14 of the Securities Exchange Act of 1934 (15 U.S.C. § 78n). For example, Section 78n(a) states as follows:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, ***in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors***, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 12 of this title [15 U.S.C. § 78l].

15 U.S.C. § 78n(a) (emphasis added). Significantly, the Plaintiff's allegations that the Proxy Statement is "false and misleading" precisely mirror the inquiry for evaluating the propriety of disclosures in proxy statements under S.E.C. Rule 14a-9. Rule 14a-9 states as follows:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is *false or misleading* with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not *false or misleading* or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become *false or misleading*.

17 C.F.R. § 240.14a-9(a) (emphasis added).

Resolution of the Plaintiff's "breach of fiduciary duty" claim against the Board Members, therefore, will require a court to determine whether S&S' Proxy Statement violates or complies with Section 78n(a) and related rules such as S.E.C. Rule 14a-9 above.[5] The Plaintiff can hardly

---

[5] *See Hawkins v. Nat'l Ass'n of Sec. Dealers Inc.*, 149 F.3d 330, 331-32 (5th Cir. 1998) (affirming removal of claim based on federal courts' exclusive jurisdiction over subject of claims under 15 U.S.C. § 78aa / "In short, all of [the plaintiff's] claims against [the defendant], though

establish that the Defendants' Proxy Statement is false and misleading if it is not false and misleading under S.E.C. Rule 14a-9. Moreover, such claim certainly does not raise any issues of state law because the Plaintiff does not have a viable breach of fiduciary duty claim (based on the Proxy Statement or otherwise) against the defendant Board Members under Texas law. As the Fifth Circuit has recognized, it is black-letter law in Texas that a corporation's directors and officers *do not* owe a fiduciary duty to the corporation's shareholders (*i.e.*, the Plaintiff):

> Before turning to the specific points raised by Smith, we note that Smith lacks standing at this time to assert claims against Gearhart's directors for breaches of their fiduciary obligations. This is so because such allegations may be advanced only in a shareholder's derivative suit. The reason behind this requirement is that ***the directors' duties of loyalty and care run to the corporation, not to individual shareholders or even to a majority of the shareholders. Accordingly, a cause of action for breach of directors' fiduciary duties belongs to the corporation and***

---

carefully articulated in terms of state law, are actions at law seeking to enforce liabilities or duties created by federal securities laws which are governed exclusively by federal courts pursuant to 15 U.S.C. § 78aa. Because there is subject-matter jurisdiction over [the plaintiff's] claims against the [the defendant], the district court did not err by denying the motion to remand"); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211-13 (9th Cir. 1998) (same / "[T]he rule that state law claims cannot be alchemized into federal causes of action by incidental reference . . . has no application when relief is partially predicated on a subject matter committed exclusively to federal jurisdiction"); *Gobble v. Hellman*, 2002 U.S. Dist. LEXIS 26833, at *9 & *11 (N.D. Ohio Mar. 26, 2002) (sustaining removal of claim based on federal courts' exclusive jurisdiction over subject of claims under 15 U.S.C. § 78aa / "It is clear from the face of its well pleaded complaint that several counts of Plaintiff's breach of fiduciary duty claims depend upon whether Defendants violated their duties under the *Federal Exchange Act* and SEC rules and regulations. Therefore, the resolution of Plaintiff's claims requires a construction and adjudication of substantial questions of federal law, and jurisdiction in this Court is proper" / "Plaintiff has alleged that Defendants violated the *Federal Exchange Act* and various SEC rules and regulations, and these violations constitute a breach of their fiduciary duties and duty to maintain control of the company's finances. Whether or not the alleged violations may also constitute a potential cause of action under state law, the determination of whether a violation occurred is a question of federal law. Therefore, this Court has jurisdiction over [the plaintiff's claims.]"); *Bacardi v. Bacardi Corp.*, 677 F. Supp. 253, 255-56 (D. Del. 1988) (same / "However, the language of the plaintiff's complaint requests relief under the 1934 Act and raises factual issues that will require interpretation and construction of various provisions of the Act. It is inconsequential whether the plaintiffs, as they assert, intended to state a federal claim; the plaintiffs are bound by the language of their complaint" / "Since plaintiffs request relief which is within this Court's exclusive jurisdiction, the Court finds that Count III of the complaint states a claim arising under federal law").

*cannot be brought by a stockholder in his own right, nor can the shareholder directly prosecute the suit in the name of the corporation.* Because Smith has not followed the requirements of article 5.14 of the Texas Business Corporation Act, which enumerates the prerequisites to bringing a stockholders' derivative suit, Smith has no standing to complain of alleged infringement of fiduciary obligations by Gearhart's directors.

*Gearhart Indus. v. Smith Int'l, Inc.*, 741 F.2d 707, 721-22 (5th Cir. 1984) (citations omitted); *see also Hadj v. Soussan*, 2001 Tex. App. LEXIS 2033, at *9 (Tex. App.—Houston [1st Dist.] Mar. 29, 2001, no pet.) (not designated for publication) ("A corporate officer's fiduciary duty runs only to the corporation, not to individual shareholders"); *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) ("A director's fiduciary duty runs only to the corporation, not to individual shareholders or even to a majority of the shareholders").

Removal of the Plaintiff's claims also would not disturb any "congressionally approved balance of federal and state responsibilities" (*Grable*, 125 S. Ct. at 2368) in determining whether disclosures in federally-mandated and federally-regulated proxy statements are false or misleading. Congress' enactment of Section § 78aa – which grants federal courts *exclusive* jurisdiction to adjudicate all claims arising under the Securities Exchange Act – expressly and unambiguously reflects Congress' decision and intent to establish federal courts, rather than state courts, as the forum for resolving that type of claim. 15 U.S.C. § 78aa; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 2006 U.S. LEXIS 2497, at *13 & *31 (Mar. 21, 2006) ("The magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated" / "[F]ederal law, not state law, has long been the principal vehicle for asserting class-action securities fraud claims").

Additionally, federal question jurisdiction exists because, in order to obtain the injunctive relief requested in their Class Action Petition (Exhibit "A," p. 18): (1) the Plaintiff necessarily must prove as part of *his* case that there are no lawful explanations for the Defendants' alleged

10

breaches of fiduciary duty regarding the Proxy Statement; and (2) satisfying this burden necessarily would raise issues of federal law. *See Grynberg Prod. Corp. v. British Gas*, 817 F. Supp. 1338, 1360-62 (E.D. Tex. 1993).[6] In *Grynberg*, Judge Schell explained that plaintiffs, not defendants, shoulder this burden and that this allocation of the burden of proof is consistent with the "well-pleaded complaint" rule for determining federal jurisdiction:

> . . . [I]n order to state a cause of action for injunction, the settled rule is as follows:
>
>> "As an exception to the general rule of pleading that it is not necessary to anticipate defenses in the petition, a petition for injunctive relief must state all, and negative all, that is necessary to establish the right to an injunction. The allegations of fact must be sufficient both to negative every hypothesis on which the act sought to be enjoined could be found to be lawful and to negative every reasonable inference that may be drawn from the facts stated that would prevent the grant of injunctive relief."
>
> The requirement that the plaintiff's petition for injunction must negative certain inferences is not simply a technical pleading rule. Instead, the negativing allegations are necessary to state a claim for injunctive relief. . . . It is part of the plaintiff's case and the plaintiffs [sic] burden to disprove any lawful explanations for the defendant's behavior or any other reasonable inference that could justify a denial of relief. Thus, in an injunction suit under Texas substantive law, many things which might otherwise be characterized as defenses are really not defenses but essential elements of the plaintiff's prima facie case.
>
> . . . Texas has chosen to make negativing certain facts part of the plaintiff's prima facie case for injunction, and therefore, such allegations form part of the "well-pleaded complaint" for federal question purposes.

*Id.* at 1360-61 (citations omitted). Thus, to establish his claim for injunctive relief, the Plaintiff necessarily must prove as part of *his* case that the Proxy Statement violated 15 U.S.C. § 78n(a)

---

[6] In their Class Action Petition, the Plaintiff, *inter alia*, calls for: (1) "[e]njoining Defendants from proceeding with the Acquisition"; (2) "[e]njoining Defendants from consummating the Acquisition, or a business combination with a third party, unless and until the Company adopts and implements a procedure or process, such as an auction, to obtain the highest price possible for the company"; and (3) "[e]njoining the Termination Fee contained within the Merger Agreement." Exhibit "A," p. 18.

and any related rules such as S.E.C. Rule 14a-9. *See* discussion *supra*, pp. 8-10; *Grynberg Prod. Co.*, 817 F. Supp. at 1360-63 (affirming removal based on federal question jurisdiction). Since the Plaintiff has this heavy burden in any injunction proceeding, this case can be removed.

## II.     Removal Is Proper Under the Securities Litigation Uniform Standards Act (15 U.S.C. § 78bb(f)(2))

Removal also is proper on the second, independent ground that the Securities Litigation Uniform Standards Act ("SLUSA") expressly authorizes the removal of securities class actions filed in state court even if they purportedly allege state law causes of action. Application of the SLUSA removal provision in this case is critical in order to enforce the purposes for which SLUSA was enacted. In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA") to protect companies against meritless shareholder suits that were being initiated for the sole purpose of obtaining large attorneys' fees through private settlements. *See, e.g., Disher v. Citigroup Global Markets Inc.*, 419 F.3d 649, 652 (7th Cir. 2005), *petition for cert. filed*, No. 05-776 (U.S. Dec. 15, 2005). The PSLRA imposed heightened pleading standards and mandatory stays of discovery for securities fraud class actions filed in federal court. *Id.* However, following the enactment of the PSLRA, plaintiffs began to file suits in state courts under state securities laws in order to evade the new rules imposed by the PSLRA. *Id.* at 652-53.

Congress enacted SLUSA in attempt to close this "federal flight" loophole by making federal courts the exclusive forum for class actions alleging fraud in the sale or purchase of covered securities and by providing for removal of such class actions to federal court. *Id.* at 653; H.R. REP. NO. 105-640, at 8-10 (1998) (which is accessible at: http://frwebgate.access.gpo.gov/cgi-bin/getdoc.cgi?dbname=105_cong_reports&docid=f:hr640.105.pdf). To achieve that end, "Congress envisioned a broad interpretation of SLUSA to ensure the uniform application of federal fraud standards." *Rowinski v. Salomon Smith Barney*, 398 F.3d 294, 299 (3d Cir. 2005) (citing S. REP.

No. 105-182 (1998)); *Prager v. Knight/Trimark Group,* 124 F. Supp. 2d 229, 232-33 (D.N.J. 2000) ("The legislative history of SLUSA shows that Congress sought to establish federal courts as 'the exclusive venue for most securities class action lawsuits' involving nationally traded securities" / "It appears that Congress' intent when it enacted SLUSA, with the exception of certain 'preserved actions,' was to completely preempt state securities class actions alleging fraud or manipulation relating to covered securities") (citing H.R. REP. NO. 105-183 (1998)).

As shown below, the Plaintiff has improperly filed in Texas state court a class action that falls squarely within the scope of removable class actions under SLUSA. The Plaintiff's improper attempt to make an end run around the PSLRA should be rejected. The removal provision enacted as part of SLUSA is 15 U.S.C. § 78bb(f)(2), which states as follows:

> Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f)(2).[7] In other words, if the present action falls within the category of class actions described in Section 78bb(f)(1), then it is removable. Section 78bb(f)(1) states:

---

[7] Section 78bb(f)(5)(B)(i) defines a "covered class action" to include "any single lawsuit in which – (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . ." 15 U.S.C. § 78bb(f)(5)(B)(i).

Section 78bb(f)(5)(E) defines a "covered security" as "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933 [15 USCS § 77r(b)], at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under the Securities Act of 1933 [15 USCS §§ 77a et seq.] pursuant to rules issued by the Commission under section 4(2) of that Act [15 USCS § 77d(2)]." 15 U.S.C. § 78bb(f)(5)(E).

13

>    (1)   Class action limitations. No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –
>
>          (A)   a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>
>          (B)   that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).

While the Defendants in no way concede that the Plaintiff's claims in this case properly may be brought as a class action, the Plaintiff's claims – as plead in the Class Action Petition – constitute a "covered class action" under Sections 78bb(f)(1) and (2). Specifically, there is no dispute that Marron: (1) expressly filed this lawsuit as a class action under Texas Rule of Civil Procedure 42 on behalf of himself as well as all common stockholders of S&S (Exhibit "A," ¶¶ 12-17); and (2) expressly seeks damages on behalf of more than 50 shareholders (Declaration of Rita Schaulat, ¶ 3; Exhibit "A," pp. 17-18).[8] There also is no dispute that the securities at issue in this case – S&S' common stock – are listed on the New York Stock Exchange and, thus, are a "covered security" under Section 78bb(f)(2). Exhibit "A," ¶ 3.

---

Section 77r(b)(1)(A) defines a "covered security" to include a security that is "listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities)." 15 U.S.C. § 77r(b)(1)(A).

[8] The Proxy Statement, which is expressly referenced and quoted in the Plaintiff's Class Action Petition (*see, e.g.*, Exhibit "A," ¶¶ 22, 50, 52, 54), states that there are 492 shareholders of record of S&S' common stock. Proxy Statement, p. 49 (Exhibit "C"). The Proxy Statement may be considered in determining whether removal is proper (as with a motion to dismiss) because it is referenced and quoted in the Class Action Petition, is central to the Plaintiff's claims, and is a matter of public record. *See Lang v. Am. Motors Corp.*, 254 F. Supp. 892, 894 (E.D. Wis. 1966); *cf. In re Sec. Litig. BMC Software*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001); *Church v. Kare Distrib., Inc.*, 2005 WL 2675064, at *2 (S.D. Tex. 2005) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)).

The only remaining question, then, is whether the Plaintiff has asserted a claim based on Texas statutory or common law alleging: "(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1). As shown above, the Plaintiff has pleaded (however meritlessly) Texas common law claims for breach of fiduciary duty alleging that the Defendants used or employed a manipulative device or contrivance in connection with the purchase or sale of a covered security. Specifically, the Plaintiff alleges that the Defendants purportedly manipulated the process or procedure for obtaining the highest possible bid for S&S by entering into agreements with Armor that were "designed to preclude alternative superior proposals" to purchase S&S. *See* discussion *supra*, p. 5 (citing Exhibit "A," ¶¶ 1, 40-48). Consequently, this class action is removable under Section 78bb(f)(2).

Nor can the Plaintiff argue that removal is not proper because the above allegation falls within the scope of state law claims statutorily exempted from removal under Section 78bb(f)(3)(A). No such exemption applies in this case. Section 78bb(f)(3)(A) states:

(3)   Preservation of certain actions.

(A)   Actions under State law of State of incorporation.

   (i)   Actions preserved. Notwithstanding paragraph (1) or (2), a covered class action described in clause (ii) of this subparagraph that is ***based upon the statutory or common law of the State in which the issuer is incorporated (in the case of a corporation) or organized (in the case of any other entity)*** may be maintained in a State or Federal court by a private party.

   (ii)  Permissible actions. A covered class action is described in this clause if it involves –

      (I)   the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or

    (II)  any recommendation, position, or other communication with respect to the sale of securities of an issuer that –

        (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and

        (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(A) (emphasis added).

  Neither of the above exemptions applies. With respect to the first exemption, the Plaintiff alleges that the proposed merger involves the sale of securities by S&S to ***Armor***. *See, e.g.*, Exhibit "A," ¶¶ 27, 38. The Plaintiff thus cannot satisfy Section 78bb(f)(3)(A)(ii)(I)'s requirement that the class action involve "the purchase or sale of securities by the issuer or an affiliate of the issuer [*i.e.*, S&S] ***exclusively*** from or to holders of equity securities of the issuer [*i.e.*, S&S' shareholders]." 15 U.S.C. § 78bb(f)(3)(A)(ii)(I) (emphasis added).

  With respect to the second exemption, the Plaintiff alleges that S&S purportedly manipulated the process or procedure for obtaining the highest possible bid for S&S by entering into agreements with Armor that were "designed to preclude alternative superior proposals" to purchase S&S. That allegation, however, ***does not*** involve "*any recommendation, position, or other communication with respect to the sale of securities of an issuer that* – (aa) *is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer*; and (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights" as Section 78bb(f)(3)(A)(ii)(II) requires. 15 U.S.C. § 78bb(f)(3)(A)(ii)(II) (emphasis added).

  As SLUSA's legislative history indicates, Congress intended the above exemptions to be limited to claims based on breach of fiduciary duty of disclosure in states recognizing such

claims (for example, Delaware; but not states like Texas, where, as shown above, no such duty exists between the Plaintiff and the Board Members). S. REP. NO. 150-182, at 6 (1998) (which is accessible at http://frwebgate.access.gpo.gov/cgi-bin/getdoc.cgi?dbname=105_cong_reports&docid=f:sr182.105.pdf). Because neither of the above exemptions applies, the Plaintiff's class action is removable.

### III. Supplemental Jurisdiction Exists Over Any Non-Federal Claims Under 28 U.S.C. § 1367

Alternatively, if this Court determines that it has jurisdiction over one or more of Plaintiff's claims based on the above ground(s), this Court has supplemental jurisdiction over the Plaintiff's remaining claims under 28 U.S.C. § 1367 (in addition to 28 U.S.C. § 1441(c) and 15 U.S.C. § 78bb(f)(2)). *See, e.g., Gobble*, 2002 U.S. Dist. LEXIS 26833, at *11; *Bacardi*, 677 F. Supp. at 256. The Plaintiff's purported state law claims in this case are so related to the claims that are within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. None of the Plaintiff's purported state law claims poses novel or complex issues of state law or substantially predominates over the Plaintiff's federal claims. Moreover, at this time, this Court has not dismissed the Plaintiff's federal claims, and there are no exceptional circumstances or other compelling reasons for declining to exercise supplemental jurisdiction over the Plaintiff's purported state law claims.

## PROCEDURAL ISSUES

### I. Any and All Consent for This Removal Have Been Obtained

While consent of all the Defendants is not necessary to obtain removal based on federal question jurisdiction because each defendant joining in this removal has an independent statutory right to removal under 15 U.S.C. § 78aa and 28 U.S.C. §§ 1331, 1337, and 1367, the Defendants nevertheless note that the Defendants filing this notice of removal consent to removal.

**II.      This Removal Is Timely Under 28 U.S.C. § 1446(b)**

This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within 30 days after the Defendants received a copy of the Plaintiff's Class Action Petition, which was filed on April 11, 2006 in the state court from which this case was removed.

**III.     The Defendants Will Provide Written Notification of This Notice of Removal to the Plaintiff and Will File a Notification of Removal in State Court Under 28 U.S.C. § 1446(d)**

Contemporaneously with the filing of this Notice of Removal, the Defendants have provided the Plaintiff written notification of the notice. The Defendants also have filed a Notification of Removal attaching a copy of the notice with the Clerk of the Court for Harris County, Texas. Notification of Removal (Exhibit "D"). The 127th Judicial District Court of Harris County, Texas is located in the Southern District of Texas, Houston Division.

**IV.     The Defendants Are Filing All Materials Required By Southern District of Texas Local Rule 81**

In accordance with Southern District of Texas Local Rule 81 and contemporaneously with the filing of this Notice of Removal, the Defendants have filed:

(1)   Any executed process (which there is none at this time);

(2)   Any pleadings asserting causes of action and any answers to such pleadings (no defendant has answered the Plaintiff's Class Action Petition at this time);

(3)   Any orders signed by the state court judge (which there is none at this time);

(4)   The state court's docket sheet;

(5)   An index of matters being filed; and

(6)   A list of all counsel of record, including addresses, telephone numbers, and parties represented.

## CONCLUSION

WHEREFORE the Defendants file this Notice of Removal, giving notice that the State Action has been removed from the 127th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By _/s/ Layne E. Kruse_
Layne E. Kruse
State Bar No. 11742550
Federal Bar No. 2383
*Attorney-in-Charge*
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Telecopier: (713) 651-5246

**Counsel for Defendants Stewart & Stevenson Services, Inc., Max Lukens, Monroe M. Luther, Charles R. Ofner, Charles S. Ream, Robert S. Sullivan, and James M. Tidwell**

OF COUNSEL:

Gerard G. Pecht
State Bar No. 15701800
Federal Bar No. 4784
David J. Van Susteren
State Bar No. 20495880
Federal Bar No. 6126
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Telecopier: (713) 651-5246

Paul K. Rowe
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019-6150
Telephone: (212) 403-1000
Telecopier: (212) 403-2000

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the Defendants' Notice of Removal and the attachments thereto were served in compliance with Federal Rule of Civil Procedure 5 and Southern District of Texas Local Rule 5.3 on April 21, 2006, upon the following:

Mr. Stephen D. Susman
SUSMAN GODFREY, L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002
**Via Hand Delivery**

Mr. Marc A. Topaz
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
**Via Facsimile & Overnight Mail**

Mr. Terrell W. Oxford
ATTORNEY-AT-LAW
901 Main Street, Suite 5100
Dallas, Texas 75202
**Via Facsimile & Overnight Mail**

Ms. Patricia Weiser
THE WEISER LAW FIRM, P.C.
121 North Wayne Avenue, Suite 100
Wayne, Pennsylvania 19087
**Via Facsimile & Overnight Mail**

_____
Layne E. Kruse